# IN RE E. C. ATKINS & COMPANY.

---

APPEALS; TRADEMARKS.

1. *Quære*, whether an order of the Commissioner of Patents affirming an order of the Examiner of Trademarks requiring an applicant for a trademark to amend his petition is not merely an interlocutory order, and therefore not appealable.

2. The action of the Commissioner of Patents in requiring an applicant for a trademark to strike out a description of the mark from his petition, and refer only to the accompanying drawings, is not reviewable on appeal, unless there has been a gross abuse of his discretion.

No. 424.   Patent Appeals.   Submitted March 13, 1907.   Decided April 2, 1907.

HEARING on an appeal by the applicant from a decision of the Commissioner of Patents in a proceeding for the registration of a trademark.                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Chester Bradford* and *Mr. Arthur M. Hood* for the appellant.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

Mr. Justice Robb delivered the opinion of the Court:

Appeal from a decision of the Commissioner of Patents in a trademark case.

The material facts are as follows: Appellant E. C. Atkins & Company, a corporation, applied for the registration of the trademark "AAA" for saws, and in its application set forth that *"it has adopted for its use a trademark of which the following is a description: The trademark consists of a symbol composed of the letters 'AAA.'"*

To this description the Examiner made objection, and directed the petitioner to amend its petition so that the portion above quoted would read *"has adopted for its use the trademark shown in the accompanying drawings."*

But for the fact that the petitioner in the hearing before the Commissioner proceeded upon the assumption that the hearing was a final adjudication of the case by the Patent Office, the fact that the Commissioner appears to have acquiesced in that assumption, and the further fact that counsel in the arguments at bar so treated the matter, we would be inclined to rule that the decision appealed from was a mere interlocutory decision from which no appeal lies to this court. In view, however, of the peculiar circumstances of this case, we will disregard matter of form, and proceed to a consideration of the merits of the question involved.

The trademark act of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1905, p. 667), provided, *inter alia:* "That the owner of a trademark * * * may obtain registration for such trademark by complying with the following requirements: First, by filing in the Patent Office an application therefor in writing, * * * specifying * * * a description of the trademark itself." By the act of May 4, 1906 (34 Stat. at L. 168, chap. 2081), the provision for a description of the trademark was amended so as to read: "A description of the trademark itself, only when needed to express colors not shown in the drawing." It is upon this amendment of 1906 that the Commissioner bases his decision. In it

he says: "It is understood that the purpose of this amendment is to make the registration definite by limiting it to the disclosure in the drawing, leaving the question of what is an immaterial variation in the mark to the courts. It thus appears that the object of the amended statute is to prevent just such an apparently indefinite extension of the scope of the registered mark by a generic description as the petitioners contend for." In other words, it is the opinion of the Commissioner that the law contemplates the registration of the mark actually used, and that the applicant's opinion as to the scope of the mark and his rights thereunder form no necessary part of the application.

This is a matter fairly within the discretion of the Commissioner. In such a case the court will not interfere unless there has been a gross abuse of discretion. No such abuse is here shown. No substantial right of appellant is involved, since the Commissioner has not denied him registration of his trademark, but has merely declined to permit him to encumber his application with unnecessary and ambiguous matter. There is no claim that the descriptive matter insisted upon by appellant is "needed to express colors not shown on the drawings." The Commissioner insists that such matter is not only not needed at all, but that its inclusion in the petition would be misleading. We are not prepared to say that he is wrong.

The decision of the Commissioner of Patents is therefore affirmed, and the clerk of this court will certify this opinion to the Commissioner of Patents, according to law.      *Affirmed.*

A petition by the appellant, filed April 15, 1907, for the allowance of an appeal and writ of error to the Supreme Court of the United States, was granted on April 16, 1907.